```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3    UNITED STATES OF AMERICA,         )
                      Plaintiff,        )
 4                                      )
      vs.                               )  No. 20-CR-10181-ADB-1
 5                                      )
      MASON LISTER,                     )
 6                    Defendant.        )

 7

 8

 9

10
                 BEFORE THE HONORABLE M. PAGE KELLEY
11                UNITED STATES CHIEF MAGISTRATE JUDGE
         DETENTION HEARING AND ARRAIGNMENT - VIDEOCONFERENCE
12

13

14

15         John Joseph Moakley United States Courthouse
                        One Courthouse Way
16                 Boston, Massachusetts 02210

17
                          October 1, 2020
18                           2:05 p.m.

19

20

21
                   Kathleen Mullen Silva, RPR, CRR
22                     Official Court Reporter
           John Joseph Moakley United States Courthouse
23               One Courthouse Way, Room 7209
                   Boston, Massachusetts 02210
24              E-mail: kathysilva@verizon.net

25         Mechanical Steno - Computer-Aided Transcript
```

```
 1   APPEARANCES:
 2
 3         United States Attorney's Office
 4         AUSA David G. Tobin
 5         John Joseph Moakley U.S. Courthouse
 6         Boston, Massachusetts 02210
 7         617.748.3392
 8         for the Government
 9
10         Brad Bailey Law, P.C.
11         R. Bradford Bailey, Esq.
12         44 School Street, Suite 1000B
13         Boston, Massachusetts 02108
14         781.589.2828
15         and
16         David R. Yannetti, Esq.
17         Ten Winthrop Square, 4th Floor
18         Boston, Massachusetts 02110
19         617.338.6006
20         for Defendant
21
22
23
24
25
```

```
 1                    P R O C E E D I N G S
 2    THE CLERK:  Today is Thursday, October 1, 2020, and we are on
 3    the record in Criminal Case No. 20-10181, United States v.
 4    Mason Lister, the Honorable M. Page Kelley presiding.
 5         Would counsel please identify themselves for the record.
 6              MR. TOBIN:  Yes, good morning, Your Honor.  David
 7    Tobin on behalf of the United States.
 8              THE COURT:  All right.  Good afternoon.
 9              MR. BAILEY:  Good afternoon, Your Honor.  Brad Bailey
10    for Mason Lister.
11              THE COURT:  Good afternoon, Mr. Bailey.
12              MR. YANNETTI:  Good afternoon, Your Honor.  Attorney
13    David Yannetti also for Mason lister.
14              THE COURT:  Good afternoon.  Mr. Lister, can you see
15    and hear the screen from where you are?
16              THE DEFENDANT:  Yes, Your Honor.
17              THE COURT:  We're here for an arraignment today and
18    you have the right to be brought to court for your arraignment.
19    Unfortunately, because of COVID we're not bringing people to
20    court, and so is it okay with you if we conduct the arraignment
21    by Zoom?
22              THE DEFENDANT:  Yes, Your Honor.
23              THE COURT:  Okay.  And so I'll just ask defense
24    counsel -- maybe I'll ask you, Mr. Bailey, is there any reason
25    why we shouldn't conduct the hearing by Zoom?
```

1                    MR. BAILEY:  No reason, Your Honor.  And we did have
2       an opportunity to go into breakout courtesy of Ms. Belmont, and
3       we discussed that with our client.
4                    THE COURT:  Okay.  All right.  So Mr. Lister, have you
5       been over the indictment with your counsel so that you
6       understand what it is that you're charged with?
7                    THE DEFENDANT:  Yes, Your Honor.
8                    THE COURT:  And Mr. Bailey or Mr. Yannetti, is your
9       client ready to be arraigned?
10                   MR. BAILEY:  He is, Your Honor.
11                   MR. YANNETTI:  He is, Your Honor.
12                   THE COURT:  Does he waive the formal reading of the
13      indictment?
14                   MR. BAILEY:  Yes.
15                   MR. YANNETTI:  Yes, Your Honor.
16                   THE COURT:  All right.  So I'm going to ask the
17      government to state the charges and the maximum possible
18      penalties.
19                   MR. TOBIN:  Your Honor, the defendant is charged in a
20      single count indictment with possession of child pornography
21      pursuant to Title 18 United States Code Section 2252A(a)(5)(B)
22      and (b)(2).
23                   Your Honor, the maximum period of imprisonment
24      possible if convicted is 20 years.  Because this would be a
25      subsequent conviction of a possessionary crime of child

|    |                                                                              |
|----|------------------------------------------------------------------------------|
| 1  | pornography, in addition to the 20-year maximum sentence there               |
| 2  | is a 10-year mandatory minimum sentence.  There is also a                    |
| 3  | period of supervised release for a minimum of five years and a               |
| 4  | maximum of life.  There's a fine, I believe, of 1 million                    |
| 5  | dollars, and there's a special assessment of $100, but because               |
| 6  | this is a CP conviction, there is an extra special assessment                |
| 7  | of $5,000 as well.                                                           |
| 8  |       THE COURT:  All right.  And so, Ms. Belmont, we can do |
| 9  | the arraignment.                                                             |
| 10 |       THE CLERK:  Mr. Lister, as to Count One of the           |
| 11 | indictment charging you with possession of child pornography in              |
| 12 | violation of Title 18 United States Code Sections                            |
| 13 | 2252A(a)(5)(B) and (b)(2), how do you plead, guilty or not                   |
| 14 | guilty?                                                                      |
| 15 |       MR. BAILEY:  You need to answer, Mason.                  |
| 16 |       THE DEFENDANT:  Not guilty.                              |
| 17 |       THE CLERK:  Thank you.                                   |
| 18 |       THE COURT:  Okay.  So what's the status of the           |
| 19 | discovery in the case, Mr. Tobin?                                            |
| 20 |       MR. TOBIN:  Your Honor, I must embarrass myself and     |
| 21 | correct myself.  I said the fine was a million dollars.  The                 |
| 22 | fine actually for this offense is the standard $250,000 fine.                |
| 23 | So I just -- I don't want the defense or the court to be                     |
| 24 | misled.  I recognize that I made a mistake with regard to that.              |
| 25 | The fine is 250, the special assessment is $100 plus the extra               |

```
 1    $5,000 special assessment as I call it.
 2           The discovery -- mmh -- I don't think we've made
 3    substantial -- I don't think we've provided substantial
 4    discovery yet in this matter, and I will endeavor to do so as
 5    quickly as possible.
 6           THE COURT:  Okay.  I'm just going to ask the defense
 7    counsel how long would you like for the initial status
 8    conference?
 9           MR. BAILEY:  Judge, are you still within a 45-day
10    range, or are we trying to tighten that up a little bit?
11           THE COURT:  Well, I'm happy to do whatever you like.
12    I think a lot of people are finding -- well, I'm putting some
13    of the initials out 60 days just to give people a chance to go
14    over the discovery with their clients because I think it's
15    difficult when people are incarcerated.
16           MR. BAILEY:  That would make sense for us if that's
17    okay with the court.
18           THE COURT:  Okay.  Why don't we go to Tuesday,
19    December 1, and let's say 11:30 a.m., and I'll exclude the time
20    until then.
21           Is there anything else to do today?
22           MR. TOBIN:  Your Honor, I caught you on the
23    11:30 a.m., but would you be kind enough to repeat the date.  I
24    just missed that.
25           THE COURT:  December 1.
```

1         MR. TOBIN:  Thank you.
2         THE COURT:  Sure.  Okay.
3         MR. TOBIN:  I don't think there's anything further.
4         MR. BAILEY:  Judge, nothing further from the defense.
5    We did previous to this hearing tell Ms. Belmont and the
6    government that our client agrees to continued voluntary
7    detention without prejudice.
8         THE COURT:  Sure.  And so that order has been entered,
9    and that remains the status of that.  So thank you.  Okay.
10        MR. YANNETTI:  Your Honor, one final request.  I don't
11   know if this is possible or not, but we have both my client and
12   his mother on the line.  Would it be possible to go into a
13   breakout room just for a few minutes prior to the termination
14   of this Zoom hearing?
15        THE COURT:  Sure.  Ms. Belmont, I don't know of any
16   reason why not.
17        THE CLERK:  Yes, I can do that.
18        MR. YANNETTI:  That would be great.  I appreciate
19   that.
20        THE COURT:  So it will just take a minute for everyone
21   to get into the room.  But we'll put both defense counsel and
22   the parents in a room with Mr. Lister.
23        MR. YANNETTI:  Thank you.
24        MR. TOBIN:  I'll log off right now, Your Honor, to
25   make it easier.

1              THE COURT:  Okay.  Thank you everyone.  Thank you very
2    much.
3     (Proceedings adjourned at 2:12 p.m.)

```
 1                  C E R T I F I C A T E

 2

 3

 4   UNITED STATES DISTRICT COURT )

 5   DISTRICT OF MASSACHUSETTS    )

 6

 7

 8           I certify that the foregoing is a correct transcript

 9   from the record of proceedings taken October 1, 2020 in the

10   above-entitled matter to the best of my skill and ability.

11

12

13

14

15   /s/ Kathleen Mullen Silva                      8/18/21

16

17   Kathleen Mullen Silva, RPR, CRR                Date
     Official Court Reporter
18

19

20

21

22

23

24

25
```